# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| MICHAEL EVAN KEELING | : | No. 4:09-CV-0147 |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | (Judge Muir) |
| PETE DAMITER, et al., | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I.     Statement of Facts and of The Case

This is a *pro se* civil rights case brought by a state prisoner, Michael Keeling. Keeling commenced this action by filing a complaint on January 23, 2009. (Doc. 1.) Keeling subsequently filed an amended complaint which alleges two separate acts of retaliation at two different institutions against two sets of Defendants. (Doc. 33.) In these complaints Keeling complains about a series of prison housing decisions, decisions which he alleges were made in retaliation against him for prior litigation which he has pursued against the Department of Corrections.

For example, in his complaints Keeling alleges that his attempt to transfer from SCI-Frackville to SCI-Coal was improperly thwarted by the Defendants in retaliation for the filing of a prior lawsuit. *Id.* After the transfer to SCI-Coal did not go through, Plaintiff ultimately requested a transfer to SCI-Dallas, which was granted.

Keeling then contends in paragraphs 42-120 of the amended complaint that SCI-Dallas Defendants Keller, Cicerchia, Semon, Putnam, and Lopuhovsky conspired to improperly remove his z-code status which allows him to occupy a single cell in retaliation for a prior lawsuit filed nine years ago, in 2000, when Keeling was an inmate at SCI-Dallas. *ld.*

Keeling has now filed motions urging this Court to order prison officials to provide him with single cell housing. Specifically, on October 16, 2009, the Plaintiff filed a Motion for a Preliminary Injunction. (Doc. 51.) In his Motion, Keeling asked this Court to enter an order requiring the Department of Corrections to grant him a z-code single cell status, pending the outcome of this case. *ld.* Because Keeling's initial motion did not address the demanding standard of proof necessary for a preliminary injunction, on October 19, 2009, the Court entered an Order directing Keeling to file an amended motion.( Doc. 53.) The Court further ordered the Defendants to file a response to the Plaintiff's preliminary injunction request on or before November 10, 2009. ( *ld.*)

Keeling complied with this Order on October 27, 2009, by filing an amended motion for injunctive relief. (Doc. 54). The Commonwealth has filed a response in opposition to this motion (Doc. 55), and this matter is now ripe for resolution.

For the reasons set forth below, it is recommended that Keeling's motion be denied since Keeling has not made the exacting showing necessary for preliminary injunctive relief.

## II. DISCUSSION

*Pro se* pleadings, like those filed by Keeling, which seek extraordinary, or emergency relief, in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. As the United States Court of Appeals for the Third Circuit has explained: "Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." *Gerardi v. Pelullo*, 16 F.3d 1363, 1373 (3d Cir. 1994) (*quoting SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1254 (3d Cir. 1985)). *See also Highmark, Inc. v. UPMC Health Plan, Inc.,* 276 F.3d 160, 170-71 (3d Cir.2001); *Emile v. SCI-Pittsburgh,* No. 04-974, 2006 WL 2773261, *6 (W.D.Pa. Sept. 24, 2006)(denying inmate preliminary injunction).

A preliminary injunction is not granted as a matter of right. *Kerschner v. Mazurkewicz,* 670 F.2d 440, 443 (3d Cir. 1982). It is an extraordinary remedy. Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party. As a threshold matter, "it is a movant's burden to show that the "preliminary injunction must be the only way of protecting the plaintiff from harm." *Emile*, 2006 WL 2773261, at * 6 (*quoting Campbell Soup Co. v. ConAgra, Inc.,* 977 F .2d 86, 91 (3d Cir.1992)). Thus, when considering such requests, courts are cautioned that:

> "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (emphasis deleted). Furthermore, the Court must recognize that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." *Plain Dealer Publishing Co. v. Cleveland Typographical Union # 53,* 520 F.2d 1220, 1230 (6th Cir.1975), *cert. denied,* 428 U.S. 909 (1977). As a corollary to the principle that preliminary injunctions should issue only in a clear and plain case, the Court of Appeals for the Third Circuit has observed that "upon an application for a preliminary injunction to doubt is to deny." *Madison Square Garden Corp. v. Braddock,* 90 F.2d 924, 927 (3d Cir.1937).

*Emile*, 2006 WL 2773261, at *6.

Accordingly, for Keeling to sustain his burden of proof that he is entitled to a preliminary injunction under Fed.R.Civ.P. 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. *Abu-Jamal v. Price,* 154 F.3d 128, 133 (3d Cir. 1998); *Kershner,* 670 F.2d at 443. If the movant fails to carry his burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate *both* a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." *Hohe v. Casey,* 868 F.2d 69, 72 (3d Cir. 1989)(emphasis in original), (*quoting Morton v. Beyer,* 822 F.2d 364 (3d Cir. 1987)).

The court must also consider the possible harm to other interested parties if the relief is granted. *Kershner,* 670 F.2d at 443. Further, a request for injunctive relief in the prison context must be viewed with great caution because of the intractable problems of prison administration. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). Finally, a party who seeks an injunction must show that the issuance of the injunctive relief would not be adverse to the public interest. *Emile*, 2006 WL 2773261, at * 6 (*citing Dominion Video Satellite, Inc. v. Echostar Corp.,* 269 F.3d 1149, 1154 (10th Cir.2001)).

In the past, inmates like Keeling have frequently sought preliminary injunctive relief compelling prison officials to provide them with specific cell accommodations.

Yet, such, requests, while often made, are rarely embraced by the courts. Instead, courts have routinely held that prisoner-plaintiffs are not entitled to use a motion for preliminary injunction as a vehicle to compel prison officials to provide them with specific housing arrangements pending completion of their lawsuits. *See, e.g.*, *Emile v. SCI-Pittsburgh,* No. 04-974, 2006 WL 2773261, *6 (W.D.Pa.. Sept. 24, 2006) (denying inmate preliminary injunction in the form of z-code cell status); *Brown v. Sobina*, No. 08-128E, 2008 WL 4500482 (W.D.Pa. Oct. 7, 2008)(denying inmate preliminary injunction); *Messner v. Bunner*, No. 07-112E, 2009 WL 1406986 (W.D.Pa. May 19, 2009)(denying inmate preliminary injunction in the form of z-code cell status). Indeed, several of these cases involve the denial of a preliminary injunction seeking precisely the form of injunctive relief sought here by Keeling; that is, designation to a z-code, single cell status. *Emile v. SCI-Pittsburgh, supra; Messner v. Bunner, supra.*

In this case our review of the Plaintiff's motions for preliminary injunction leads us to conclude that Keeling has not made the demanding showing required by Rule 65 for this extraordinary form of relief. At the outset, we find that Keeling has not met his threshold obligation of showing reasonable probability of success on the merits.

With respect to the issue of Keeling's ultimate likelihood of success on the merits of this case, we begin by observing that inmates like Keeling have no constitutional right to occupy a single cell. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981). Thus, Keeling's only path to success on the merits is to show the decision to remove his single-cell privilege was done in retaliation for the exercise of his First Amendment rights. In order to prevail on a retaliation claim, a plaintiff must show three things: (1) the conduct which led to the alleged retaliation was constitutionally protected; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take the adverse action. *See Mt. Healthy City Bd. of Educ.* v. *Doyle,* 429 U.S. 274, 287 (1977); *Anderson* v. *Davila,* 125 F.3d 148, 163 (3d Cir. 1997).

Even if Keeling can prove all of these three elements, the defendants still prevail if they can prove that they would have taken the same action without the unconstitutional factors. *Mt. Healthy,* 429 U.S. at 287. "This means that, once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Rauser v. Horn,* 241 F.3d 330, 334 (3d Cir. 2001).

In this case Keeling's claim that the 2009 denial of his z-code single cell status was an act taken in retaliation for the filing of a lawsuit nine years earlier, in 2000, seems legally and factually problematic. Therefore we cannot say that Keeling has shown a reasonable probability of success on the merits of the threshold component to this claim. Moreover, even if Keeling can meet his initial burden of going forward on the retaliation claim, the Defendants have proffered a substantial defense to this claim. Specifically, the Defendants assert that they had a legitimate penological reason for the removal of Keeling's single-cell status since SCI-Dallas was directed to review all single-cell inmates in order to ensure that they met the criteria for a single cell.(Doc. 55, Affidavit of Louis Cicerchia, Exhibit 1.) Further, according to the Defendants at the time of the z-code removal, Keeling did not meet the criteria for a z-code.( *Id.*) Since the Department's legitimate penological reasons for the review and removal of Keeling's z-code are a defense to this claim, *Rauser,* 241 F.3d at 334, this proffered evidence casts significant doubt over Keeling's ability to ultimately succeed on the merits of this claim and makes a preliminary injunction inappropriate.

As for the second benchmark standard for a preliminary injunction, whether the movant will be irreparably injured by denial of the relief, in this context it is clear that:

> Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 801 (3d Cir.1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. *Hohe v. Casey,* 868 F.2d 69, 72 (3d Cir.), *cert. denied,* 493 U.S. 848, 110 S.Ct. 144, 107 L.Ed.2d 102 (1989). In fact, the Plaintiff must show *immediate* irreparable injury, which is more than merely serious or substantial harm. *ECRI v. McGraw-Hill, Inc.,* 809 F.2d 223, 226 (3d Cir.1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for ...'." *Acierno v. New Castle County,* 40 F.3d 645, 653 (3d Cir.1994) (citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." *Dice v. Clinicorp, Inc.,* 887 F.Supp. 803, 809 (W.D.Pa.1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury ..." *Acireno,* 40 F.3d at 655 (citation omitted).

*Messner,* 2009 WL 1406986, at *4 .

Applying these legal standards in a case such as this, where the inmate-"Plaintiff's request for immediate relief in his motion for preliminary injunction necessarily seeks resolution of one of the ultimate issues presented in his Amended Complaint, i.e., the restoration of his z-code status. . . [the] Plaintiff cannot demonstrate that he will suffer irreparable harm if he is not granted a preliminary injunction, because the ultimate issue presented will be decided either by this Court, upon consideration of Defendants' motion to dismiss, or at trial. As a result, Plaintiff's

motion for preliminary injunction should be denied." *Messner*, 2009 WL 1406986, at *5.

Finally, we note that granting this preliminary injunction, which would effectively have the federal courts making *ad hoc*, and individual, housing decisions at SCI-Dallas, could harm both the Commonwealth and the public's interest since the Department of Corrections is endeavoring to manage a growing inmate population, is confronting a burgeoning inmate census, is being compelled to house state inmates in county prisons, and is being forced to enter into agreements with other states to house its inmates. (Doc. 55, Exhibit 1.) In the context of these constraints, the Defendants' interests and the public's interest in penological order could be adversely effected if the Defendants were ordered to grant a z-code to an inmate they have determined does not meet the z-code criteria.

Because Keeling has not carried his burden of proving either a reasonable probability of ultimate success on the merits, or immediate and irreparable harm, and because granting the injunction could adversely effect the Defendants' and the public's interests, this request for a preliminary injunction should be denied.

In reaching this recommendation, we recognize that civil rights *pro se* plaintiffs often should be afforded an opportunity to amend a pleading before the pleading is denied in its entirety, *Fletcher-Hardee Corp. v. Pote Concrete Contractors*, 482 F.3d

247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). In this case, we provided Keeling with an opportunity to amend these pleadings, but to no avail. The current motions for preliminary injunction still fail to state a viable claim for emergency injunctive relief. Since it clear that Keeling has no right to relief, granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Therefore it is recommended that the motions be denied without providing Keeling further leave to amend.

### **III**. **RECOMMENDATION**

Accordingly, for the foregoing reasons, upon consideration of these motions for preliminary injunction, **IT IS RECOMMENDED** that the motions be **DENIED**. The Plaintiff is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

*S/MARTIN C. CARLSON*
Martin C. Carlson
United States Magistrate Judge

Dated: December 1, 2009