```
            UNITED STATES DISTRICT COURT
                     FOR THE
            MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| MICHAEL EVAN KEELING, | : | No. 4:CV-09-0147 |
| Plaintiff | : | Complaint Filed 01/23/09 |
| vs. | : | (Judge Muir) |
| PETER DAMITER, et al., | : | (Magistrate Judge Carlson) |
| Defendants | : | |

**ORDER**

February 24, 2010

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On January 23, 2009, Michael Evan Keeling, an inmate at the State Correctional Institution in Dallas, Pennsylvania, filed this civil rights action pursuant to 28 U.S.C. § 1983. Keeling is proceeding *pro se*.

The Clerk of Court assigned responsibility for this case to us and referred it to Magistrate Judge Martin C. Carlson for preliminary consideration.

On October 16, 2009, Keeling filed a motion for a preliminary injunction. On October 27, 2009, he filed an amended motion for that same relief. In both of those motions Keeling contends that he has been diagnosed with "paranoid schizophrenia for the past eleven (11) years plus," which qualifies him for "Z-Code" status and requires him to be housed in a single-occupancy cell. Keeling

claims that the Defendants are now unlawfully retaliating against him (for prior lawsuits Keeling had filed) by removing his Z-Code status and forcing Keeling to live in a cell with another inmate. The relief Keeling seeks in his complaint and in his preliminary injunction motions is restoration of his Z-Code status and placement in a single-occupancy cell.

On December 1, 2009, Magistrate Judge Carlson issued a 12-page report recommending that Keeling's motions for a preliminary injunction be denied. On December 11, 2009, Keeling filed objections to the Report and Recommendation. Keeling failed to file a separate brief supporting those objections within the time allowed by the court's local rules. Because Keeling's objections fulfilled the requirements in our local rules pertaining to briefs, on January 21, 2010, we issued an order advising the parties that we accepted Keeling's objections as being supported by a brief and we required the Defendants to file an opposition brief by February 4, 2010. On that date the Defendants filed their opposition brief. On February 18, 2010, Keeling filed a brief in reply. Keeling's objections to Magistrate Judge Carlson's Report and Recommendation are ripe for disposition.

When objections are filed to a report of a Magistrate Judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the

magistrate judge to which there are objections. United States v. Raddatz, 447 U.S. 667 (1980); 28 U.S.C. §636(b)(1); M.D. Pa. Local Rule 72.31. Furthermore, district judges have wide discretion as to how they treat recommendations of the magistrate judge. Id. Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. Id.; See also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

The Court of Appeals for the Third Circuit has held that

> [i]n order to support a preliminary injunction, plaintiff must show both a likelihood of success on the merits and a probability of irreparable harm. Additionally, the district court should consider the effect of the issuance of a preliminary injunction on other interested persons and the public interest.

Bradley v. Pittsburgh Bd. Of Educ., 910 F.2d 1172, 1175 (3d Cir. 1990). With respect to the second element "[a] plaintiff has the burden of proving a 'clear showing of immediate irreparable injury.'" Campbell Soup Co. v. Conagra, Inc., 977 F.2d 86, 91 (3d Cir. 1992)(quoting Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), *cert. denied*, 493 U.S. 848, 110 S. Ct. 144 (1989)).

Magistrate Judge Carlson specifically found that Keeling has not shown a reasonable probability of success on the merits (most notably because Keeling did not meet the criteria for Z-Code status

3

when his file was most recently reviewed), Keeling will not be irreparably harmed if injunctive relief is not granted, and that the public interest is best served, at this point, by respecting the Pennsylvania Department of Corrections's decision to deny Keeling Z-Code status.

Keeling asserts in the brief supporting his motion for preliminary injunctive relief that restoration of his Z-code status is necessary because he

> has been diagnosed with a serious mental illness "paranoid schizophrenia" and the depression stage of the illness has the potential of causing plaintiff to inflict irreparable harm on oneself or others [sic] victims that can not be compensated ....

(Brief in Support of Motion for Preliminary Injunction, p. 1)  That paragraph contains Keeling's only reference to 'irreparable harm.'

Until he filed his reply brief with respect to his objections to Magistrate Judge Carlson's Report and recommendation, Keeling failed to acknowledge the Defendants' contention that he was discharged from the "active Psychiatric Team Roster on November 28, 2007," after he "refused some of his recommended medication." (Defendants' Brief in Opposition to Motion for Preliminary Injunction, Exhibit 1, p. 2, ¶5) As a result he no longer qualified for Z-Code status. (Id., ¶7; Department of Corrections ADM 11.02.01, Section 5.C.1)  Magistrate Judge Carlson observed that "this proffered evidence casts significant doubt over Keeling's

ability to ultimately succeed on the merits of this claim and makes a preliminary injunction inappropriate." (Report and Recommendation, p. 8)

The Defendants will prevail in the final analysis if they establish that Keeling's reclassification occurred because he was no longer on the "active Psychiatric Team Roster," which we interpret to mean that Keeling was no longer receiving psychiatric treatment. *See* Mt. Healthy Bd. Of educ. V. Doyle, 429 U.S. 274, 287 (1977). Keeling failed to challenge that defense in the documents he filed with Magistrate Judge Carlson. Similarly, Keeling did not challenge it in his objections to the pending Report and Recommendation. He discusses it for the first time in the reply brief he filed on February 18, 2010. However, it is patently unfair to raise arguments for the first time in a reply brief.

The Court of Appeals for the Third Circuit has ruled that arguments raised for the first time in a reply brief are forfeited. United States v. Pelullo, 399 F.3d 197, 222 (3d Cir.2005), *cert denied,* 546 U.S. 1137, 126 S.Ct. 1141, 163 L.Ed.2d 999 (2006). Therefore, we will not consider Keeling's discussion of the Defendants' purported reason for withdrawing his Z-Code status in his reply brief.

Based on the information properly presented to Magistrate Carlson and to us, we conclude, as did the Magistrate Judge, that Keeling has failed to show a likelihood of success on the merits.

The next factor to consider is whether Keeling will suffer irreparable harm if the injunction is not granted. As noted above, in the brief supporting his motion for a preliminary injunction, Keeling identifies only "the <u>potential</u> of causing plaintiff to inflict irreparable harm on oneself or others." (Brief in Support of Motion for Preliminary Injunction, p. 1)(Emphasis added); *see* Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa.1995)(Smith, J.)(to show irreparable injury, "the claimed injury cannot merely be possible, speculative or remote"). Keeling has failed to demonstrate that he will suffer irreparable harm if the injunction is not granted.

The final factor to consider is "the effect of the issuance of a preliminary injunction on other interested persons and the public interest." Bradley v. Pittsburgh Bd. Of Educ., 910 F.2d 1172, 1175 (3d Cir. 1990). In his objections Keeling does not address in any manner the Magistrate Judge's treatment of this factor. Consequently, Keeling has given us no reason to disturb Magistrate Judge Carlson's finding that, based on the current record, the public interest is best served by upholding the Pennsylvania

Department of Corrections's decision concerning Keeling's housing classification.

We will overrule Keeling's objections to Magistrate Judge Carlson's Report and Recommendation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Keeling's objections (Document 61) to Magistrate Judge Carlson's Report and Recommendation are overruled.

2. Magistrate Judge Carlson's Report and Recommendation (Document 60) is adopted *in toto*.

3. Keeling's motions (Documents 51 and 54) for a preliminary injunction are denied.

4. This case is remanded to Magistrate Judge Carlson for further proceedings consistent with this order.

s/Malcolm Muir
MUIR, U. S. District Judge

MM:gja