# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL EVAN KEELING | : | Civil No. 4:09-CV-0147 |
| Plaintiff, | : | |
| v. | : | (Chief Judge Kane) |
| PETE DAMITER, et al., | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

## MEMORANDUM OPINION AND ORDER

### I. Statement of Facts and of the Case.

This is a civil rights action brought by Michael Keeling, a state inmate, who is proceeding *pro se.* In his complaint, Keeling has named ten prison officials as Defendants, alleging that these staff violated his constitutional rights in the course of two separate acts of retaliation at two different institutions. (Doc. 33.) In addition, Keeling also complains about a series of prison housing decisions, decisions which he alleges were made in retaliation against him for prior litigation which he pursued against the Department of Corrections.

In particular, Keeling alleges that his attempt to transfer from SCI-Frackville to SCI-Coal was improperly thwarted by the Defendants in retaliation for the filing of a prior lawsuit in 2000. *Id.* After the transfer to SCI-Coal did not go through, Plaintiff ultimately requested a transfer to SCI-Dallas, which was granted. Keeling

then contends in paragraphs 42-120 of the amended complaint that SCI-Dallas Defendants Keller, Cicerchia, Semon, Putnam, and Lopuhovsky conspired to improperly remove his z-code status which allows him to occupy a single cell in retaliation for a prior lawsuit filed ten years ago, in 2000, when Keeling was an inmate at SCI-Dallas. *ld.* This prior federal lawsuit which Keeling filed in 2000 was unsuccessful and was dismissed by the Courts many years prior to the events set forth in Keeling's current federal complaint.

This matter now comes before the Court on a motion to compel (Doc. 92) filed by Keeling. In this motion, Keeling seeks to compel Defendant Putnam, who was also named as a Defendant by Keeling in the unsuccessful lawsuit which Keeling brought a decade ago, to respond to factual questions concerning that ten-year old lawsuit, which has previously been dismissed by this Court. Specifically, Keeling demands answers to four questions dealing with these previously litigated events. In particular, Keeling seeks to compel Putnam, his Unit Manger of ten years ago, to answer questions regarding: (1) whether Putnam placed him in the RHU in March 9, 2000 after he filed a motion for temporary restraining order in his 2000 federal lawsuit, (2) whether she responded to a Request to Staff form Keeling wrote to her in 1999, (3) whether Putnam failed to circulate a vote sheet for Keeling's single status until after Keeling's first federal lawsuit was filed in 2000, and (4) whether Putnam followed

2

the policy for processing Keeling's Z-Code request in 2000. Keeling propounds these demands upon Putnam, relating to ten year old events which were the subject matter of a prior, and unsuccessful lawsuit, even though discovery provided to Keeling by the Defendants has shown that Putnam placed no role in the prison transfer decisions which are the subject of Keeling's current lawsuit.

The Defendants have objected to this discovery request as untimely, inappropriate and as not reasonably calculated to lead to the discovery of relevant, admissible evidence. This motion has been fully briefed by the parties, (Docs. 98, 101 and 104) and is now ripe for resolution.

For the reasons set forth below, the motion to compel will be denied.

**II.    <u>Discussion</u>**

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines both the scope and limitations governing the use of discovery in a federal civil action:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

In addition as the Supreme Court has observed:

> Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery. On its own motion, the trial court "may alter the limits in [the Federal Rules] on the number of depositions and interrogatories and may also limit the length of depositions under Rule 30 and the number of requests under Rule 36. The frequency or extent of use of the discovery methods otherwise permitted under these rules ... shall be limited by the court if it determines that ... (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Rule 26(b)(2).
>
> Additionally, upon motion the court may limit the time, place, and manner of discovery, or even bar discovery altogether on certain subjects, as required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c). And the court may also set the timing and sequence of discovery. Rule 26(d).

Crawford-El v. Britton, 523 U.S. 574, 598-599 (1998).

Thus, Keeling's motion, and the Defendants' response in opposition to this motion, call upon the Court to exercise its authority under the Federal Rules of Civil Procedure to regulate discovery in this case. Issues relating to the scope of discovery permitted under the Rules rest in the sound discretion of the Court, Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987), and a court's decisions

regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

In this case, we find that Keeling's request for detailed factual disclosures relating to events which were the subject of a lawsuit brought in 2000, which was dismissed as meritless, is not calculated to lead to the discovery of admissible evidence, and would impose an undue burden on state correctional officials. Therefore, the motion to compel (Doc. 92) will be denied.

As a threshold matter, the Defendants urge us to deny Keeling's motion as untimely, citing Fed. R. Civ. P. 6(b)(1), which provides that:

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Courts have construed Rule 6(b) to impose a strict requirement that litigants file formal motions for Rule 6(b) time-extensions when attempting to file in contravention of a scheduling order, see Drippe v. Tobelinski, 604 F.3d 778 (3d Cir. 2010), and Keeling has failed to abide by the case management deadline for discovery-related motions, a fact which could justify denial of this motion. However, in our view there are more fundamental reasons for denying this motion, since Keeling's requests fail on their merits.

For example, in his motion to compel Keeling essentially attempts to invite this Court to re-litigate discovery issues in his prior lawsuit relating to prison housing decisions in 2000. Specifically, Keeling seeks discovery relating to the details of these 2000 prison housing decisions almost a decade after his 2000 federal lawsuit that related directly to these decisions was concluded unfavorably against him. Keeling presumably had the opportunity to engage in discovery on these issues in 2000, when these issues were directly relevant, but apparently remains dissatisfied with the information which he has obtained regarding these ten year old decisions. While he may be dissatisfied with the course of discovery in this 2000 lawsuit, the questions Keeling now propounds concerning those events in 2000 are, in our view, simply too remote in time and place to form the basis for proper discovery in Keeling's 2010 federal litigation.

Indeed, the fact that a decade separates these events is particularly telling since it is well settled that a retaliation claim like the claim currently advanced by Keeling requires proof of a causal link between the Plaintiff's constitutionally protected activities, and the Defendants' allegedly retaliatory actions. Furthermore, in order "[t]o establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing. . . ."

Lauren W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007). Moreover, "[a] court must be diligent in enforcing these causation requirements because otherwise a public actor cognizant of the possibility that litigation might be filed against him, particularly in his individual capacity, could be chilled from taking action that he deemed appropriate and, in fact, was appropriate." Id. at 267-68.

Given the lengthy span of years between the events that are the subject of the current lawsuit, and the matters which were the subject of Keeling's 2000 lawsuit, we cannot find that discovery relating to the underlying details of that prior, dismissed case will "prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing. . . ." Lauren W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007). This is particularly true since there has been no showing made that Defendant Putnam played any role in the events of 2008 which are the subject of Keeling's current litigation. Therefore, we will deny this request on relevance grounds.

Beyond their lack of relevance, there is another difficulty with many of Keeling's discovery requests. These requests also seek information which is private or privileged. In particular, Keeling's demand for disclosure of decade-old corrections staff vote sheets would be inappropriate since these documents are confidential DOC forms which contain the "yes or no" votes of corrections staff on sensitive issues.

7

The vote sheet may also contain notes reflecting each staff member's individual, personal opinions regarding the inmate who is the subject of some contemplated action. Disclosure of vote sheets may subject the staff to retaliation by the inmate, and hinder the decision making processes. Recognizing this fact, courts have in the past declined inmate discovery demands that target disclosure of these forms. See Adams v. Hunsberger 2007 U.S. Dist. LEXIS 8062, 1-3 (W.D. Pa. Jan. 22, 2007) (denying a motion to compel production of a vote sheet).

In this case, the Defendants have taken a measured and balanced approach to this particular privilege issue, providing Keeling with access to some staff voting information pertaining to the transfer and cell assignment decisions in 2008 which lie at the heart of this lawsuit. The Defendants are, however, justified in their objection to the release of similar information, of a privileged nature, relating to decade-old decisions which are remote in time, and are at best of only marginal relevance to Keeling's current claims. Therefore, we will deny this request to compel disclosure of this 10 year old, privileged information.

Finally, we note that Keeling's current discovery demands also intrude upon one other area where third parties have legitimate privacy concerns. Keeling continues to request information relating to the Department of Corrections program codes of other specific inmates. The Defendants have provided Keeling some general

8

statistical information regarding cell assignment of inmates by program code, but oppose this request for inmate-specific program code information, arguing that program codes of other individual inmates are confidential, and can reflect sensitive data which could present a security risk if revealed to other inmates. We find the Defendants' objections that the disclosure of program code information relating to specific third party prisoners would violate the privacy rights of those third parties are well taken. Accordingly, for these reasons we will deny this aspect of Keeling's motion to compel. See Mincy v. Chmielewski, No. 05-292, 2006 WL 3042968 (M.D.Pa. Oct. 25, 2006)(denying access to third-party complaints on privacy grounds).

### III. Conclusion

Accordingly, for the foregoing reasons, it is ORDERED that the Plaintiff's motion to compel, (Doc. 92), is DENIED.

*S/Martin C. Carlson*
**United States Magistrate Judge**

DATED: July 14, 2010