IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL EVAN KEELING | : | Civil No. 4:09-CV-0147 |
| Plaintiff, | : | |
| v. | : | (Chief Judge Kane) |
| PETE DAMITER, et al., | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

**MEMORANDUM OPINION AND ORDER**

**I.     Statement of Facts and of the Case.**

This is a civil rights action brought by Michael Keeling, a state inmate, who is proceeding *pro se.* In his complaint, Keeling has named ten prison officials as Defendants, alleging that these staff violated his constitutional rights in the course of two separate acts of retaliation at two different institutions. (Doc. 33.) In addition, Keeling also complains about a series of prison housing decisions, decisions which he alleges were made in retaliation against him for prior litigation which he pursued against the Department of Corrections.

In particular, Keeling alleges that his attempt to transfer from SCI-Frackville to SCI-Coal was improperly thwarted by the Defendants in retaliation for the filing of a prior lawsuit in 2000. *Id.* After the transfer to SCI-Coal did not go through, Plaintiff ultimately requested a transfer to SCI-Dallas, which was granted. Keeling

then contends in paragraphs 42-120 of the amended complaint that SCI-Dallas Defendants Keller, Cicerchia, Semon, Putnam, and Lopuhovsky conspired to improperly remove his z-code status which allows him to occupy a single cell in retaliation for a prior lawsuit filed ten years ago, in 2000, when Keeling was an inmate at SCI-Dallas. ld. This prior federal lawsuit which Keeling filed in 2000 was unsuccessful and was dismissed by the Courts many years prior to the events set forth in Keeling's current federal complaint.

This matter now comes before the Court on a motion filed by Keeling, styled as a supplemental motion to compel. (Doc. 103.) As the Defendants note, this motion is something of a misnomer since it does not seek to compel compliance with prior discovery. Rather, the motion actually seeks leave to propound new, and "final", discovery by Keeling. (Id.) Specifically, in this motion, Keeling seeks two things; First, he wishes to ascertain whether Defendant Putnam was assigned to serve as acting unit manager at any time between November 13, 2007 and February 2, 2008, the dates which are encompassed in his current complaint. In addition, Keeling, asks the Department of Corrections to produce any documents which may provide a rationale for the alleged postponement of his transfer from SCI-Frackville to SCI-Coal Township on or about October 23, 2006. This discovery request, while tardy,

also appears to be tailored to obtain information of arguable relevance to the issues properly framed by Keeling in his current complaint.

The Defendants have now filed a response in opposition to these belated requests, (Doc. 108), which principally notes the tardy nature of these discovery requests. Therefore, this matter is ripe for resolution.

While we acknowledge that these requests are untimely, we believe that the requests–which Keeling correctly identifies as the final discovery requests which will be permitted in this case–may lead to the discovery of arguably relevant evidence. Therefore, we will permit this discovery, but will not allow further, tardy discovery requests by any party.

**II.     Discussion**

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines both the scope and limitations governing the use of discovery in a federal civil action:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

3

In addition as the Supreme Court has observed:

> Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery. On its own motion, the trial court "may alter the limits in [the Federal Rules] on the number of depositions and interrogatories and may also limit the length of depositions under Rule 30 and the number of requests under Rule 36. The frequency or extent of use of the discovery methods otherwise permitted under these rules ... shall be limited by the court if it determines that ... (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Rule 26(b)(2).
>
> Additionally, upon motion the court may limit the time, place, and manner of discovery, or even bar discovery altogether on certain subjects, as required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c). And the court may also set the timing and sequence of discovery. Rule 26(d).

Crawford-El v. Britton, 523 U.S. 574, 598-599 (1998).

Thus, Keeling's motion, and the Defendants' response in opposition to this motion, call upon the Court to exercise its authority under the Federal Rules of Civil Procedure to regulate discovery in this case. Issues relating to the scope of discovery permitted under the Rules rest in the sound discretion of the Court, Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987), and a court's decisions

regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

As a threshold matter, the Defendants urge us to deny Keeling's motion as untimely, a course permitted by Fed. R. Civ. P. 6(b)(1), which imposes a strict requirement that litigants file formal motions for Rule 6(b) time-extensions when attempting to file in contravention of a scheduling order. See Drippe v. Tobelinski, 604 F.3d 778 (3d Cir. 2010). However, in the exercise of our discretion we will permit this very limited supplemental discovery. In this regard we note that Keeling seeks two specific items of discovery: (1) to ascertain whether Defendant Putnam was assigned to serve as acting unit manager at any time between November 13, 2007 and February 2, 2008, the dates which are encompassed in his current complaint; and (2) to obtain any Department of Corrections documents which may provide a rationale for the postponement of his transfer from SCI-Frackville to SCI-Coal Township on or about October 23, 2006.

Unlike those requests to compel which we recently denied, these discovery requests, while tardy, are tailored to obtain information of arguable relevance to the issues properly framed by Keeling's current complaint. For example, information regarding Defendant Putnam's supervisory status in 2007 and 2008 may have some

5

arguable relevance to her potential liability here.[1] Similarly, the existence of any documentary evidence relating to an alleged postponement of an October 2006 transfer for Keeling, and the reasons for that alleged postponement, could be relevant to the issued raised in this litigation.[2]

In granting this motion, we note that Keeling has characterized his discovery requests as the "final discovery to defendant". (Doc. 103, p.2.) Keeling is correct. Since the discovery deadline has lapsed, no further belated discovery will be permitted in this case.

### III. <u>Conclusion</u>

Accordingly, for the foregoing reasons, it is ORDERED that the Plaintiff's supplemental motion to compel, (Doc. 103), is GRANTED. Within thirty days, on or before **August 16, 2010**, the Defendants shall provide Keeling with information

---

[1] Of course, while this information may be relevant, it is certainly not dispositive of the issue of potential liability for this Defendant since it is well established that in a suit brought under 42 U.S.C. § 1983, a Defendant must be shown to have had personal involvement in an alleged constitutional violation, and the doctrine of respondeat superior will not support a finding of liability. <u>See</u> <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).

[2] In this regard we understand that the Defendants may determine that no records exist relating to this issue, something which they have foreshadowed in their response to this motion. (Doc. 108, n. 3.) Nonetheless, we believe that Keeling should be given the opportunity to obtain a definitive answer to this, his last, discovery question.

regarding: (1) whether Defendant Putnam was assigned to serve as acting unit manager at any time between November 13, 2007 and February 2, 2008, the dates which are encompassed in his current complaint; and (2)whether the Department of Corrections possesses any documents which may provide a rationale for the alleged postponement of Keeling's transfer from SCI-Frackville to SCI-Coal Township on or about October 23, 2006.

So ordered, this 15th day of July, 2010.

*S/Martin C. Carlson*
**United States Magistrate Judge**