# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL EVAN KEELING | : | Civil No. 4:09-CV-0147 |
| Plaintiff, | : | |
| v. | : | (Chief Judge Kane) |
| PETE DAMITER, et al., | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

## MEMORANDUM OPINION AND ORDER

### I. Statement of Facts and of the Case.

This is a civil rights action brought by Michael Keeling, a state inmate, who is proceeding *pro se.* In his complaint, Keeling has named ten prison officials as defendants, alleging that these staff violated his constitutional rights in the course of two separate acts of retaliation at two different institutions. (Doc. 33.) In addition, Keeling also complains about a series of prison housing decisions, decisions which he alleges were made in retaliation against him for prior litigation which he pursued against the Department of Corrections.

In particular, Keeling alleges that his attempt to transfer from SCI-Frackville to SCI-Coal was improperly thwarted by the Defendants in retaliation for the filing of a prior lawsuit in 2000. *Id.* After the transfer to SCI-Coal did not go through, Plaintiff ultimately requested a transfer to SCI-Dallas, which was granted. Keeling

then contends in paragraphs 42-120 of the amended complaint that SCI-Dallas Defendants Keller, Cicerchia, Semon, Putnam, and Lopuhovsky conspired to improperly remove his z-code status which allows him to occupy a single cell in retaliation for a prior lawsuit filed ten years ago, in 2000, when Keeling was an inmate at SCI-Dallas. *ld.* This prior federal lawsuit which Keeling filed in 2000 was unsuccessful and was dismissed by the Courts many years prior to the events set forth in Keeling's current federal complaint.

This matter now comes before the Court on a motion filed by Keeling, styled as a motion for protective order. (Doc. 119.) This motion is an unusual document. It does not relate to the current litigation, but rather appears to pertain to some future planned lawsuit by Mr. Keeling. Specifically, in this motion, the plaintiff "seek[s] a protective order against future defendants . . . to prevent the intensional [sic] or . . . unintensional [sic] spoliation of evidence in future proceedings . . . " Keeling then refers to some incidents in the spring and summer of 2010, far beyond the time period encompassed by the current lawsuit, and purports to place the department of corrections on notice that it should retain evidence relating to these incidents. Keeling then invites this court to enter an order preventing the spoliation of this evidence relating to a lawsuit which has not yet been filed.

For the reasons set forth below, we will deny this motion.

## II. **Discussion**

In considering Keeling's motion for a protective order to prevent spoliation of evidence, we begin with the familiar proposition that rulings regarding spoliation questions rest in the sound discretion of the court. Ward v. Lamanna, 334 F.App'x 487, 492 (3d. Cir. 2009). That discretion is guided, however, by settled legal tenets, tenets which define both the fundamental nature of spoliation and the appropriate sanctions for acts of spoliation.

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. Mosaid Techs., Inc. v. Samsung Elecs. Co., Ltd., 348 F.Supp.2d 332, 335 (D.N.J.2004)." Fortune v. Bitner. No. 01-111, 2006 WL 839346, *1 (M.D.Pa. March 29, 2006); see Ogin v. Ahmed, 563 F.Supp.2d. 539, 542 (M.D. Pa. 2008). In assessing a spoliation claim:

> [R]elevant authority requires that four (4) factors be satisfied for the rule permitting an adverse inference instruction to apply: 1) the evidence in question must be within the party's control; 2) it must appear that there has been actual suppression or withholding of the evidence; 3) the evidence destroyed or withheld was relevant to claims or defenses; and 4) it was reasonably foreseeable that the evidence would later be discoverable. Mosaid, 348 F.Supp.2d at 336 citing Brewer, 72 F.3d at 334; Scott v. IBM Corp., 196 F.R.D. 233, 248-50 (D.N.J.2000); Veloso v. Western Bedding Supply Co., 281 F.Supp.2d 743, 746 (D.N.J.2003). Additionally, the Untied States District Court for the District of New

> Jersey recognized: "While a litigant is under no duty to keep or retain every document in its possession, even in advance of litigation, it is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation." Mosaid, 348 F.Supp.2d at 336 (quoting Scott, 196 F.R.D. at 249).

Ogin, 563 F.Supp.2d at 543.

Thus, "[a] party which reasonably anticipates litigation has an affirmative duty to preserve relevant evidence. Baliotis v. McNeil, 870 F.Supp. 1285, 1290 (M.D.Pa.1994). Where evidence is destroyed, sanctions may be appropriate, including the outright dismissal of claims, the exclusion of countervailing evidence, or a jury instruction on the 'spoliation inference.' This inference permits the jury to assume that 'the destroyed evidence would have been unfavorable to the position of the offending party.' Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 78 (3d Cir.1994)." Howell v. Maytag, 168 F.R.D. 502, 505 (M.D.Pa. 1996)

If the court finds that there is a culpable destruction or spoliation of evidence, the question then becomes determining the appropriate sanction for this act of spoliation. In this respect:

> The United States Court of Appeals for the Third Circuit has applied three (3) key considerations to determine whether a sanction for spoliation of evidence is appropriate. Schmid, 13 F.3d at 79. The considerations are: 1) the degree of fault of the party who altered or destroyed the evidence; 2) the degree of prejudice suffered by the opposing party; and 3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending

party is seriously at fault, will serve to deter such conduct by others in the future. Id. When appropriate, a court may impose any potential sanction including: 1) dismissal of a claim or granting judgment in favor of a prejudiced party; 2) suppression of evidence; 3) an adverse inference, referred to as the spoliation inference; 4) fines; and 5) attorneys' fees and costs. Mosaid, 348 F.Supp.2d at 335.

Ogin, 563 F.Supp.2d at 545.

However, because spoliation motions necessarily involve an assessment of whether " the evidence destroyed or withheld was relevant to claims or defenses [in a lawsuit]; and . . . [whether] it was reasonably foreseeable that the evidence would later be discoverable [in that lawsuit]", Ogin, 563 F.Supp.2d at 543, such motions cannot be addressed in the abstract, but only can be considered in the context of a pending lawsuit. In this case, Keeling has no litigation pending relating to these alleged incidents in the spring and summer of 2010. Moreover, these incidents which are separate in time and place from the claims set forth in the instant lawsuit, are not properly part of this lawsuit. Therefore, his spoliation motion, which proceeds any lawsuit relating to these alleged incidents, is entirely premature.

In short, we cannot entertain Keeling's request for a prospective protective order compelling preservation of evidence in a lawsuit which has not yet been filed, and this motion must be denied.

### III. Conclusion

Accordingly, for the foregoing reasons, it is ORDERED that the plaintiff's motion for protective order, (Doc. 119), is DENIED.

So ordered, this 10th day of August, 2010.

<u>*S/Martin C. Carlson*</u>
**United States Magistrate Judge**