IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL EVAN KEELING, | : | CIVIL NO. 4:09-CV-147 |
| Plaintiff, | : | (Chief Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| PETE DAMITER, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case.

This is a *pro se* civil rights action brought by Michael Evan Keeling a state inmate. In his complaint, and a subsequent amended complaint, Keeling alleged that ten separate prison officials engaged in two separate episodes of retaliation against him in terms of prison housing decisions and transfers, acts of retaliation that were allegedly based upon lawsuits that Keeling had filed against the Defendants many years prior to the prison transfers and placement decisions which are at issue in this case. Specifically, in paragraphs 1 through 41 of his Amended Complaint Keeling alleged that his 2006 attempt to transfer from SCI-Frackville to SCI-Coal was improperly thwarted by Defendants Piazza, Damore, Shannon, Kerestes, and Varano in retaliation for the filing of a prior lawsuit, Keeling v. Kinzel, 92-CV-0408. In paragraphs 42-120 of the Amended Complaint Keeling alleged that SCI-Dallas Defendants Keller, Cicerchia, Semon, Putnam, and Lopuhovsky conspired to

improperly remove his Z-Code Status, which allowed him to occupy a single-cell, in retaliation for filing <u>Keeling v. Putnam</u>, a prior lawsuit filed in 2000 against Defendants Putnam and Keller when Keeling was first incarcerated at SCI-Dallas from 1999 to 2000.

The Defendants filed a motion for summary judgment as to all Defendants in this case. (Doc. 93.) In response to this motion, Keeling has filed a brief, (Doc. 126) which is notable in its candor with respect to four of the Defendants and contains a section entitled "Relinquish Liability" in which Keeling concedes that the following four Defendants should be dismissed from this case: Damore, Varano, Lopuhovsky, and Keller. (Doc. 126, pp.6-8.)

**II.   Discussion**

Rule 41(a)(1) of the Federal Rules of Civil Procedure provides for the voluntary dismissal of claims and states as follows:

> **(a) Voluntary Dismissal.**
> **(1) *By the Plaintiff.***
> **(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>> **(I)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>>
>> **(ii)** a stipulation of dismissal signed by all parties who have appeared.

**(B)** *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed. R.Civ. P. 41(a)(1).

In this case, Keeling's response to the Defendants' summary judgment motion is, in effect, a stipulation that judgment should be granted in favor of four Defendants: Damore, Varano, Lopuhovsky, and Keller. (Doc. 126, pp.6-8.) Since Keeling's stipulation reflects an informed judgment that he can no longer maintain a claim against these particular Defendants, this Court should grant this request and dismiss these Defendants from this lawsuit. As for the remaining Defendants and claims articulated by Keeling in this lawsuit, to the extent that these matters are the subject of a summary judgment motion which is actively contested by the parties, they will be addressed in a separate report and recommendation.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's stipulation of dismissal that summary judgment should be granted in favor of four Defendants: Damore, Varano, Lopuhovsky, and Keller. (Doc. 126, pp.6-8), be GRANTED. The remaining aspects of this summary judgment motion, which are contested, will be the subject of a separate report and recommendation.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 16th day of February, 2011.

               ***S/Martin C. Carlson***
               Martin C. Carlson
               United States Magistrate Judge