IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL EVAN KEELING, :
    Plaintiff, : Civil Action No. 4:09-cv-147
:
v. : (Chief Judge Kane)
:
PETE DAMITER, et al., : (Magistrate Judge Carlson)
    Defendants :

## MEMORANDUM ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

In this pro se civil rights action, Plaintiff Michael Evan Keeling asserts claims of unlawful retaliation against ten prison officials engaged in two separate episodes of retaliation. (Doc. No. 33.) Specifically, Plaintiff's amended complaint alleges that Defendants Piazza, Damore, Shannon, Kerestes, and Varano prevented his 2006 attempt to transfer from SCI-Frackville to SCI-Coal in retaliation for filing a lawsuit. (Id. ¶¶ 1-41.) The amended complaint also alleges that Defendants Keller, Cicerchia, Semon, Putnam, and Lopuhovsky conspired to remove Plaintiff's Z-Code status[1] in retaliation for another lawsuit filed against Defendants Putnam and Keller. (Id. ¶¶ 42-120.) This matter was referred to Magistrate Judge Carlson for pretrial proceedings. Defendants filed a motion for summary judgment as to all Defendants. (Doc. No. 93.) In his brief in opposition, Plaintiff "relinquished liability" as to four Defendants: Damore, Varano, Lopuhovsky, and Keller. (Doc. No. 126 at 6-8.) Magistrate Judge Carlson filed a Report and Recommendation as to these four Defendants, concluding that Plaintiff's brief

---

[1] As explained in Department of Correction Policy 11.2.1 § 5, Z-Code housing is a form of single cell housing that may be made available to inmates with, inter alia, certain mental health and medical conditions. (Doc. No. 95-39.)

1

in opposition constituted a Rule 41(a)(1) stipulation of dismissal as to these four Defendants and recommending that summary judgment be granted in their favor. (Doc. No. 132 at 2-3.) Plaintiff filed an objection as to Defendant Lopuhovsky, in which Plaintiff argued his stipulated dismissal of Defendant Lopuhovsky was conditional. (Doc. No. 134.)

Initially, the Court notes that no objections were filed as to Magistrate Judge Carlson's recommendation that summary judgment be granted as to Defendants Damore, Varano, and Keller. Accordingly, upon a de novo review of the record, the Court will adopt the report and recommendation as to these Defendants. Regarding Defendant Lopuhovsky, even if the Court were to accept that Plaintiff intended his stipulation to be conditional, the Court notes that Plaintiff has still failed to satisfy its burden of demonstrating an issue of material fact that would enable his claim to survive summary judgment.[2] Where, as here, the party opposing a motion for summary judgment bears the ultimate burden of proof on an issue at trial, the moving party discharges its burden by "pointing out" to the court that there is an absence of evidence supporting the nonmoving party's claim. Conoshenti v. Public Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004). The non-moving party then must identify evidence of record that creates a genuine issue of material fact if it is to survive summary judgment. Childers v. Joseph, 842 F.2d 689, 694-95 (3d Cir. 1988). In his brief in opposition, Plaintiff declines to point out any evidence of record that might suggest that Defendant Lopuhovsky was in any way involved in removing Plaintiff's Z-Code, or any other activity that might be actionable.

**ACCORDINGLY**, on this 8th day of March 2011, **IT IS HEREBY ORDERED** that

---

[2] Plaintiff has failed to attempt to demonstrate an issue of material fact on any of the four Defendants at issue in this order. As such, even if he had not filed a stipulation that they be dismissed, summary judgment would be warranted as to the claims filed against them.

Magistrate Judge Carlson's Report and Recommendation (Doc. No. 132) is **ADOPTED**.

Defendants' motion for summary judgment as to Defendants Damore, Varano, Lopuhovsky, and Keller (Doc. No. 93) is **GRANTED**.

  S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania