**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL EVAN KEELING,** | : | |
| **Plaintiff,** | : | **Civil Action No. 4:09-cv-147** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **PETE DAMITER, et al.,** | : | **(Magistrate Judge Carlson)** |
| **Defendants** | : | |

## MEMORANDUM ORDER

Defendants filed for summary judgment in this civil rights action.  (Doc. No. 93.)  On February 16, 2011, Magistrate Judge Carlson issued a Report and Recommendation that summary judgment be granted in favor of Defendants Damore, Varano, Lopuhovsky, and Keller. (Doc. No. 132.)  On March 8, 2011, this Court adopted the Report and Recommendation in full and granted the motion to dismiss as to those Defendants.  (Doc. No. 139.)  Currently pending before the Court is Magistrate Judge Carlson's Report and Recommendation that Defendants' motion for summary judgment be granted as to all remaining Defendants.  (Doc. No. 136.) Following voluminous briefing by the parties, the Report and Recommendation is now ripe for review.

Plaintiff raises six objections to the Report and Recommendation:

1.      Defendants' justification for removing Plaintiff's Z-Code housing status[1] was pre-textual (Doc. No. 148 at 2-9);

2.      Dr. Kevin Miskell lacks credibility (Id. at 10);

3.      The Court should not consider Exhibit 2-P31, attached to Defendants'

---

[1] As explained in Department of Correction Policy 11.2.1 § 5, Z-Code housing is a form of single cell housing that may be made available to inmates with, inter alia, certain mental health and medical conditions.  (Doc. No. 95-39.)

statement of material facts (Doc. No. 95), because Defendants do not "defend" it in their statement of material facts (Doc. No. 148 at 10-11);

4.     Defendants did not comply with their procedures in revoking Plaintiff's Z-Code status (Id. at 12-7);

5.     Non-Z-Code prisoners were placed in single cells, showing that Plaintiff is entitled to a single cell; and

6.     Z-Code inmates were accepted at SCI-Coal, therefore there is no reason justifying not transferring Plaintiff to that prison.

For the reasons stated herein, none of these objections will be availing, and the Court will adopt the Report and Recommendation in full and grant Defendants' motion for summary judgment.

The gravamen of Plaintiff's claim is that he was denied a prison transfer in 2007 and lost his Z-Code housing status in December 2008 in retaliation for having filed lawsuits in 2000 and 2002.[2]  (Doc. No. 1 ¶ 21; Doc. No. 33 ¶ 115.)  A prisoner attempting to establish a retaliation claim must show: (1) the conduct in question was constitutionally protected; (2) he suffered an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights as a result of that conduct; and (3) a causal link exists between the exercise of constitutional rights and the adverse action.  Mitchell v. Horn, 318 F.3d

---

[2]  The undisputed facts show that on March 8, 2000, Plaintiff filed a lawsuit, Keeling v. Keller, No. 4:00-cv-448, in the United States District Court for the Middle District of Pennsylvania.  Only one of the named defendants in that suit, Defendant Putnam, is also a defendant in the present matter.  The district court dismissed Keeling v. Keller, No. 4:00-cv-448, on January 8, 2001.  The United States Court of Appeals for the Third Circuit affirmed the district court's order on April 21, 2003.  Keeling v. Putnam, 64 F. App'x. 851 (3d Cir. 2003).  On March 11, 2002, Plaintiff filed a second lawsuit in the Middle District, Keeling v. Kintzel, No. 4:02-cv-408.  Only one of the named defendants in that suit, Defendant Kerestes, is also a defendant in the present matter.  The district court dismissed Keeling v. Kintzel, No. 4:02-cv-408, in two orders in August 3, 2003, and November 17, 2003.  The Third Circuit affirmed the dismissal on August 5, 2004.  Keeling v. Kintzel, 112 F. App'x. 866 (3d Cir. 2004).

523, 530 (3d Cir. 2003); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).  In evaluating the

third prong of this test, the courts apply a burden-shifting analysis.  First, the prisoner must prove

that his protected conduct in exercising a constitutional right was a substantial or motivating

factor in the challenged decision.  Rauser, 241 F.3d at 334.  To establish this connection, a

plaintiff will generally be required to establish either: "(1) an unusually suggestive temporal

proximity between the protected activity and the allegedly retaliatory action; or (2) a pattern of

antagonism coupled with timing to establish a causal link."  Lauren W. ex rel. Jean W. v.

DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007).  If neither of these showings is made, then the

plaintiff will be required to demonstrate that, from the evidence in the record as a whole, the trier

of fact should infer causation.  Id.  The Third Circuit further advises that the courts are to be

diligent in enforcing the causation requirements so as to shield public employees from frivolous

litigation.  Id. at 267-68.

In the Report and Recommendation, Magistrate Judge Carlson dutifully applied these

standards and concluded that the temporal proximity between Plaintiff's protected activity and

the alleged retaliation was far too tenuous to support a finding of causation.  (Doc. No. 136 at

19-28.)  The Court agrees completely with the Report and Recommendation in this regard, and

the objections raised by Plaintiff do nothing to undermine this conclusion.  As noted in the

Report and Recommendation, the Third Circuit has held that a two month gap in time is

insufficient to support a finding of causation in a retaliation claim.  See DeFranco v. Wolfe, 387

F. App'x. 147, 155 (3d Cir. 2010).  Here, Plaintiff's final lawsuit was dismissed in 2003, and the

alleged retaliatory activity took place in 2007 and 2008.  Accordingly, the temporal gulf at issue

here will not satisfy Plaintiff's burden of establishing causation.

3

Further, Plaintiff's objections fail to address the myriad other reasons highlighted by Magistrate Judge Carlson that Plaintiffs' attempt to establish causation fails.  As Magistrate Judge Carlson observed:

> [T]he undisputed facts wholly undermine this retaliation claim in a host of other ways.  For example, Keeling alleges that Defendants Shannon, Piazza, Semon, and Cicerchia, retaliated against him because of his prior litigation even though these Defendants were never named by him as Defendants in any of his prior lawsuits. Keeling further contends that Defendants Kerestes and Putnam retaliated against him, despite the fact that neither Defendant played any direct role in his transfer and cell assignments in 2007 and 2008. Keeling then insists that Defendants Shannon and Kerestes retaliated against him in prison transfer decisions, notwithstanding the fact that both Defendants have at various times actually supported Keeling's transfer requests.  In addition, Keeling contends the Defendant Piazza denied him a transfer in retaliation for his past litigation activity, ignoring Piazza's uncontradicted statement that he was unaware of this activity, and that he based his decision on independent penological grounds.  Finally, Keeling insists that the decision at SCI-Dallas to deny him Z-code status was some form of retaliation for litigation which he had already lost years earlier, discounting the fact that he actually enjoyed Z-code status at that prison for a full year before a corrections-wide policy change required a reconsideration of all such inmate housing.

(Doc. No. 136 at 28-29.)

In sum, it is clear from Plaintiff's objections and his other filings that he believes he was wrongly denied his requests for a transfer and wrongly stripped of his Z-Code status.  However, he does not raise a claim based solely on these decisions.[3]  Rather he attempts to state a cause of action for retaliation.  In attempting to raise a retaliation claim, Plaintiff has utterly failed to establish any nexus between his lawsuits, the alleged retaliatory conduct, and the Defendants in

---

[3] Indeed, he cannot raise a claim based solely on losing his Z-Code status or being denied a transfer because prisoners do not have a protected right to custody in a particular prison or a particular prisoner classification.  Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976).

this action.  Nothing in his objections or his other filings undermines this conclusion.  Therefore, his claims must fail.[4]

      **ACCORDINGLY**, on this 20th day of May 2011,  **IT IS HEREBY ORDERED THAT** Magistrate Judge Carlson's Report and Recommendation (Doc. No. 132) is **ADOPTED** and Defendants' motion for summary judgment (Doc. No. 93) is **GRANTED**.  The clerk of court is directed to close the case.

            S/ Yvette Kane_____
           Yvette Kane, Chief Judge
           United States District Court
           Middle District of Pennsylvania

---

[4] The Court also agrees with, and Plaintiff does not challenge, the Report and Recommendation's finding that all Defendants are entitled to qualified immunity; however, because the Court finds that Plaintiff's claims fail on the merits, the Court will not discuss this issue further.