IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL EVAN KEELING,** | : | |
| Plaintiff, | : | Civil Action No. 4:09-cv-147 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **PETE DAMITER, et al.,** | : | (Magistrate Judge Carlson) |
| Defendants | : | |

**MEMORANDUM ORDER**

Currently pending before the Court is Plaintiff Michael Keeling's motion to reconsider this Court's order adopting Magistrate Judge Carlson's report and recommendation. (Doc. No. 152.) For the reasons that follow, the Court will deny Plaintiff's motion.

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (citation omitted).

It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citation omitted).

    Petitioner's motion largely revisits arguments previously raised, and rejected, when considering Defendants' motion for summary judgment and Plaintiff's objections to the report and recommendation. One argument, however, bears brief mention. Plaintiff contends that the Court should decline to adopt the report and recommendation because Magistrate Judge Carlson fails to consider Plaintiff's claim of retaliation against Defendants Cicerchia and Semon. (Doc. No. 152 at 1-2.) Plaintiff's retaliation claim alleges that Defendants Cicerchia and Semon placed Plaintiff in a restrictive housing unit because he filed a temporary restraining order and grievance in February 2009. (Doc. No. 33 ¶ 56.) However, as explained by Magistrate Judge Carlson, the decision to strip Plaintiff of his Z-Code, or single cell, status was made on December 31, 2008. (Doc. No. 136 at 11-12.) The decision was made for proper medical and penological reasons, as Magistrate Judge Carlson explained:

> Keeling remained at SCI-Dallas on Z-code single cell status despite his lack of any on-going psychiatric treatment history until December 2008, when the Department of Corrections directed all institutions to review all single-cell (Z-Code) inmates to ensure that their Z-Codes were truly needed. This state-wide mandate was dictated by resource considerations: additional space was needed agency-wide due to an increase in inmate population. Thus, by December 2008, SCI-Dallas was directed by Central Office to attempt to find space for 80 additional inmates. As a result all single celled inmates at SCI-Dallas, including Keeling, were to be reviewed. In response to

> the review, a vote sheet was circulated on December 31, 2008, which led to the removal of Keeling's Z-Code status. At the time of the circulation of the vote sheet, Keeling was not under any psychiatric or psychological care or medication, and had not had any psychological treatment or medication since he was discharged from Psychiatry on February 8, 2007. Accordingly, the decision to remove Keeling's Z-Code status was made for medical reasons, as part of a decision to allocate these limited housing resources to inmates with the greatest current need for those resources. Keeling was only one of many inmates who had their Z-Code removed pursuant to the December, 2008, review. Indeed, Keeling conceded that he knew "a lot" other inmates who lost their Z-Code status during the December, 2008, review directed by the Central Office.

(Doc. No. 136 at 11 (citations omitted).) Further, the report and recommendation recounts the undisputed facts that led Plaintiff to be placed in the restrictive housing unit:

> Keeling responded to the removal of his Z-Code status defiantly, by initially refusing to accept a cell-mate. As a result of refusing an order to move into a doublecell, Keeling received a misconduct citation in February 2009. Keeling pled guilty to this prison rules infraction, and was sentenced to 30 days in the Restricted Housing Unit as a result of refusing this order.

(Id. at 12.) Accordingly, although the report and recommendation does not explicitly address Plaintiff's February 2009 legal filings, the report and recommendation does find that the decision to strip Plaintiff of his single cell status was proper and that Plaintiff was punished for failure to comply with that order. As such, even if Plaintiff were able to meet his burden of showing a causal link between the exercise of constitutional rights and the adverse action, Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001), the undisputed facts show the decision to place Plaintiff in the restrictive housing unit was reasonably related to a legitimate penological interest, DeFranco v. Wolfe, 387 F. App'x. 147, 155 (3d Cir. 2010) ("Effective allocation of the limited number of single-cell spaces is undeniably a legitimate penological interest.").

**ACCORDINGLY**, on this 6th day of July 2011, **IT IS HEREBY ORDERED THAT**

3

Plaintiff's motion for reconsideration (Doc. No. 152) is **DENIED**.  The case shall remain closed.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
